UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ONE OR MORE UNKNOWN PURCHASERS OF SECURITIES OF GLOBAL INDUSTRIES, LTD.,<br><br>Defendants. | Civil Action No. 11-CV-6500<br><br>JURY DEMAND REQUESTED |

## COMPLAINT

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission"), for its Complaint alleges as follows:

### SUMMARY OF THE ACTION

1. This is an insider trading case involving highly profitable and suspicious purchases of the securities of Global Industries, Ltd., ("Global"), a company based in Carlyss, Louisiana, whose stock trades under the ticker symbol GLBL. The unlawful purchases of Global securities were made through an omnibus account in the name of Raiffeisen Bank International AG Vienna, Austria, at broker dealer Brown Brothers Harriman & Co., Account Number XXX8698, by one or more unknown purchasers ("Unknown Purchasers" or "Defendants"), in the two trading days immediately preceding a September 12, 2011 public announcement of an acquisition. On September 12, 2011, Global and Technip SA ("Technip"), a company based in Paris, announced an agreement pursuant to which Technip would offer to acquire all common stock of Global at a price of $8.00 per share, a 55 percent premium over Global's closing share

price on September 9, the last day of trading prior to the acquisition announcement. There was no significant publicly-available news about Global in the days preceding the stock purchases.

2. On September 12, 2011, following the acquisition announcement, the Unknown Purchasers sold all of the stock that had been purchased on the two preceding trading days. The Unknown Purchasers realized total profits of about $1,726,810 from the sales.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Sections 21(e), 21A, and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(e), 78u-1, and 78aa]. The Defendants have directly or indirectly made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the acts, practices, transactions, and courses of business alleged in this Complaint.

4. Venue lies in this Court pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain acts, practices, transactions and courses of business constituting the violations occurred in the Southern District of New York. Proceeds from the Defendants' unlawful securities purchases are held by, and processed through, the Brown Brothers Harriman & Co. in New York City. Global stock is traded on the Nasdaq Global Select Market in New York City.

5. Unless restrained and enjoined, the Defendants will continue to engage in the acts, practices, transactions, and courses of business alleged in this Complaint, or in acts, practices, transactions, and courses of business of similar purport and object.

## DEFENDANTS

6. The Defendants, Unknown Purchasers, made highly unusual and suspicious purchases of common stock through an omnibus account in the name of Raiffeisen Bank International AG, Vienna, Austria, at Brown Brothers Harriman & Co., Account Number XXX8698 (the "Raiffeisen Account"). The Raiffeisen Account records of Brown Brothers Harriman & Co. do not identify the beneficial owners of the account in which the Global common stock was purchased.

## RELEVANT ENTITIES

7. **Global Industries, Ltd.** is a publicly traded corporation headquartered in Carlyss, Louisiana, that provides oil-field construction services, including pipeline construction, platform installation, diving services and construction support to the offshore oil and gas industry in the Gulf of Mexico and in select international areas. The common stock of Global is registered with the Commission pursuant to Section 12(b) of the Exchange Act and trades on the Nasdaq under the ticker symbol GLBL.

8. **Technip SA** is a company based in Paris and is Europe's second largest oil services enterprise. Technip's purchase of Global is intended to expand its presence in underwater energy projects. Technip trades on NYSE Euronext Paris under the ticker symbol TEC.

9. **Brown Brothers Harriman & Co.** ("BBH") is an investment bank and securities firm. BBH operates in North America, Europe and Asia and has over $2.8 billion under management. BBH is a registered broker-dealer (CRD #111231) with headquarters in New York City. BBH maintains an intermediary custody and brokerage account in the name of Raiffeisen Bank International AG, Vienna, Account Number

XXX8698.

10. **Raiffeisen Bank International AG Vienna** ("Raiffeisen") is an Austrian bank which operates banking subsidiaries in 15 countries of central and eastern Europe. Raiffeisen is a subsidiary of Raiffeisen Zentralbank, a central institution of a cooperative banking group. Raiffeisen maintains an omnibus account with broker-dealer Brown Brothers Harriman & Co. in New York City.

## FACTUAL ALLEGATIONS

11. In total, on September 8 and 9, 2011, the Unknown Purchasers purchased 685,840 shares of common stock of Global in the Raiffeisen omnibus account, Account Number XXX8698, at Brown Brothers Harriman & Co., set explained in paragraphs 12 and 13. (See Exhibit 1) There was no significant publicly-available news concerning Global in the days preceding the stock purchases.

12. On September 8, 2011, the Unknown Purchasers purchased 285,840 shares of Global common stock at prices ranging from $5.16 to $5.39, which accounted for approximately 8.6% of the total trading volume in Global for that day.

13. On September 9, 2011, the Unknown Purchasers purchased 400,000 shares of Global common stock at prices ranging from $5.14 to $5.30, which accounted for approximately 11.9% of the total trading volume in Global for that day.

14. Prior to the opening of the United States trading markets on September 12, 2011, Technip SA ("Technip") and Global announced a merger agreement whereby Technip would acquire the entire share capital of Global, paying $8.00 in cash per share of Global stock.

15. Global's shares opened for trading on September 12, 2011 at $7.77 per share, compared to the closing price on September 9, 2011, of $5.15.

16. On September 12, 2011, the Unknown Purchasers in the Raiffeisen Account sold their entire Global position of 685,840 shares at prices ranging from $7.77 to $7.80, realizing profit of approximately $1,726.809. (See Exhibit 2)

17. Upon information and belief, purchases of stock in this manner, that is, the timely purchases of a large quantity of Global common stock representing approximately 10 percent of the total daily trading in Global shares immediately before a major corporate announcement, followed by the immediate liquidation of the position upon public release of the announcement, as set forth above, suggests that the information was obtained as a result of breaches of fiduciary duty.

## CLAIM FOR RELIEF

### Violations of Exchange Act Section 10(b) and Rule 10b-5 Promulgated Thereunder

18. Paragraphs 1 through 17 are realleged and incorporated by reference.

19. Upon information and belief, at the time the Defendants purchased the Global common stock as set forth above, they were in possession of material, nonpublic information about Technip's intent to acquire Global and traded on the basis of such information. The Defendants (a) knew, or recklessly disregarded the fact, that their trading was in breach of a fiduciary duty or similar duty of trust and confidence owed to the shareholders of Global or Technip or to the source from whom they received the material, nonpublic information; and/or (b) knew or should have known that material, nonpublic information about the contemplated acquisition had been communicated to them in breach of a fiduciary or similar duty of trust and confidence.

20. Upon information and belief, any and all material nonpublic information that defendants received concerning this acquisition, as set forth above, was disclosed in exchange for a personal benefit that benefited the communicator of such information.

21. By reason of the conduct described above, the Defendants, in connection with the purchase or sale of securities, by the use of any means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, directly or indirectly (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices, or courses of business which operate or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

22. By reason of the foregoing, the Defendants, directly and indirectly, violated Section 10(b) of the Exchange Act [15 U.S.C § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that the Court enter judgment:

(a) permanently enjoining the Defendants from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5];

(b) ordering Defendants to disgorge all illicit trading profits resulting from conduct alleged in this Complaint, along with prejudgment interest thereon;

c) ordering the Defendants to pay civil money penalties pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1]; and

(d) granting such other and further relief as the Court deems just and appropriate.

Dated: September 16, 2011

Respectfully submitted,

/s/ Dean Conway (Lead Counsel)
Richard E. Simpson, RS-5859
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010
Telephone: (202) 551-4412 (Conway)
Facsimile: (202) 772-9246 (Conway)
Email: conwayd@sec.gov

Counsel for Plaintiff

Of Counsel:
Jerry W. Hodgkins
Conway T. Dodge
Nancy L. Singer