UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

v.

ONE OR MORE UNKNOWN PURCHASERS OF SECURITIES OF GLOBAL INDUSTRIES LTD.,

            Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-22-11

Case No. 11-CIV-6500 (PKC)

### [PROPOSED] PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF

This matter came before the Court pursuant to the Temporary Restraining Order of September 16, 2011, requiring defendants to show cause why the Court should not enter a preliminary injunction extending the asset freeze and other ancillary relief provided in the Temporary Restraining Order entered at the request of the Securities and Exchange Commission ("Commission"). Having considered the papers and exhibits submitted by the Commission in support of its request for preliminary relief, having heard argument by the Commission during the show cause hearing on September 22, 2011, finding that this Court has jurisdiction over the subject matter of this action and finding that defendants failed to appear at the show cause hearing or to otherwise oppose issuance of the preliminary injunction despite having been provided notice, the Court hereby grants the preliminary injunction and orders as follows:

.

I.

**IT IS HEREBY ORDERED** that, pending the resolution of the Commission's action on the on the merits:

A.  Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including without limitation, Brown Brothers Harriman & Co. ("BBH") and Citigroup Global Markets, Inc., ("Citi") and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any assets related to the insider trading alleged in the Complaint, including any and all proceeds from the purchase and sale, on September 8, 9 and 12, 2011, of all common stock of Global Industries, Ltd. ("Global") in the omnibus account of or for the benefit of Raiffeisen Bank International AG, Vienna, ("RBI") Austria, Account Number XXX8698, and beneficial owners of the account, held at Brown Brothers Harriman & Co. in New York City and/or Account Identifier Number XXXXAATW held at Citigroup Global Markets, Inc.[*handwritten annotation:* or any other account held for the benefit of RBI in which the funds in XXXXAATW may be held at Citigroup Global Markets, Inc.] *PKC*

B.  Any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name of, for the benefit of, or under the control of defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

2

## II.

IT IS HEREBY FURTHER ORDERED that, each defendant shall submit in writing to this Court and Plaintiff Commission within two (2) business days following service of this Order, the following identifying information:

(A) all names by which each defendant is known, all business and residence addresses, postal box numbers, telephone numbers, facsimile numbers, email addresses, and the nationality of defendant; and

(B) each account with any financial institution or brokerage firm maintained in defendant's name or held for defendant's direct or indirect beneficial interest from about August 1, 2011 through the present, including, but not limited to, each account through which each defendant directed securities transactions since September 8, 2011 or in which proceeds from such transactions were held.

## III.

IT IS HEREBY FURTHER ORDERED that, within three (3) business days of notice of the entry of this Order, each defendant shall repatriate all assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States, and that each defendant direct the return of such assets to the Registry of the Court, pending conclusion of this matter.

Case 1:11-cv-06500-PKC   Document 5-2   Filed 09/21/11   Page 4 of 7

### IV.

IT IS HEREBY FURTHER ORDERED that, defendants and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

### V.

A.   IT IS HEREBY FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made by serving such documents on any of the following agents of defendants: Brown Brothers Harriman & Co., Citigroup Global Markets, Inc., Raiffeinsen Bank International AG, and JSC Baltic International Bank, any of their respective affiliates, successors in interest and assigns, these entities having been acting in securities matters for undisclosed persons; provided, however, that

the Court makes no finding at this juncture whether such service is efficacious or satisfies due process of law.

    B.    IT IS HEREBY FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, or by mail upon each defendant, his attorney, his U.S. agents or his foreign agents identified in the prior subparagraph to the extent permitted by law, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VI.

IT IS HEREBY FURTHER ORDERED that, the Commission's application for expedited discovery concerning defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

    (A)    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two days notice of any such deposition. As to each defendant and his agents, servants, employees, brokers and associates, the Commission may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena

on such witness. Depositions which have not been signed by the witness may be used for purposes of the hearing on plaintiff Commission's application for a preliminary injunction;

(B) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each defendant shall answer the Commission's interrogatories within three days of service of such interrogatories upon defendant;

(C) Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each defendant shall produce all documents requested by the Commission within three days of service of such request, with production of the documents made to Dean Conway, Assistant Chief Litigation Counsel, U.S. Securities & Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

(D) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each defendant shall respond to the Commission's requests for admissions within three days of such requests; and

(E) All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Commission to the attention of Dean Conway, Assistant Chief Litigation Counsel, or such other place and person as counsel for the Commission may direct in writing.

## VII.

IT IS HEREBY FURTHER ORDERED, that this Order shall be, and is, binding upon each defendant, and each of his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, or service in accordance with Section V of this Order, or otherwise.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that this preliminary injunction supersedes the Temporary Restraining Order issued on September 16, 2011, and shall remain in effect until final judgment except as amended or withdrawn by further order of the Court.

Date: 9-22-11
4:30 PM

P. Kevin Castel
United States District Judge