UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                   Plaintiff,

      -against-

ONE OR MORE UNKNOWN PURCHASERS
OF SECURITIES OF GLOBAL INDUSTRIES
LTD.,

                Defendants.

11 Civ. 6500 (RA)
ECF Case

**ANSWER**

## DEFENDANT ERGOPORT EXPERTS LIMITED
## ANSWER TO THECOMPLAINT

Defendant Ergoport Experts Limited ("Ergoport"), by and through its counsel Meyers &

Heim LLP, hereby answers the Complaint filed by Plaintiff Securities and Exchange

Commission ("SEC" or "Commission") on September 16, 2011, as set forth below.  Ergoport

denies the allegations in the Complaint except as specifically admitted, denies any allegations as

to which there is no specific response, denies all titles, headings, subheadings, and any other

material not contained in numbered paragraphs, and denies that it violated the securities laws in

any way.

## ANSWER TO SUMMARY OF THE ACTION

1.     Ergoport admits that the Commission has brought an insider trading action, but

denies that it engaged in any violations of law or that any of its purchases of Global Industries,

Ltd. ("Global") securities were "suspicious."  Ergoport further admits that Global is based in

Carlyss, Louisiana and that its common stock traded under the symbol GLBL.  Ergoport further

admits that it purchased Global securities through an omnibus account in the name of Raiffeisen

Bank International AG Vienna, Austria, at broker dealer Brown Brothers Harriman & Co., Account Number XXX8698 on or about September 8 and 9, 2011, but further denies that the purchases were unlawful. Ergoport further admits that Technip SA ("Technip") is a company based in Paris, and that on September 12, 2011, Global and Technip announced an agreement pursuant to which Technip would offer to acquire all common stock of Global at a price of $8.00 per share. Ergo denies the remaining allegations set forth in Paragraph 1.

2.      Ergoport admits that on or about September 12, 2011, after the announcement that Technip would acquire Global, Ergoport sold the Global securities shares it had purchased on or about September 8 and 9, 2011. Ergoport further admits that it realized approximately $1,726,810 in profits from the sale. Ergo denies the remaining allegations set forth in Paragraph 2.

## ANSWER TO JURISDICTION AND VENUE

3.      Ergoport admits that this Court has subject matter jurisdiction over this matter and that Ergoport placed orders for the purchase of Global common stock on a national securities exchange. Ergoport denies the remaining allegations set forth in Paragraph 3.

4.      Ergoport admits that venue lies in this Court, but denies that it engaged in any acts, practices or transactions, or course of business constituting violation of the securities laws. Ergoport admits that proceeds from its trading of Global securities are held by, and was processed through, Brown Brothers Harriman & Co. and that Global stock is traded on the Nasdaq Global Select Market. Ergoport denies the remaining allegations set forth in Paragraph 4.

5.      Ergoport denies the allegations set forth in Paragraph 5 in their entirety.

## ANSWER TO DEFENDANTS

6.　Ergoport denies the allegations set forth in Paragraph 6, except admits that it made purchases of Global common stock through an omnibus account in the name of Raiffeisen Bank International AG, Vienna, Austria, at Brown Brothers Harriman & Co., Account Number XXX8698.

## ANSWER TO RELEVANT ENTITIES

7.　Ergoport admits that Global is a corporation based in Carlyss, Louisiana, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 7.

8.　Ergoport admits that Technip is a company based in Paris and that it trades on the NYSE Euronext Paris under the ticker symbol TEC, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 8.

9.　Ergoport admits that Brown Brothers Harriman & Co. ("BBH") is an investment bank and securities firm and is a registered broker-dealer, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 9. Ergoport further admits that BBH maintains an intermediary custody and brokerage account in the name of Raiffeisen Bank International AG, Vienna, Account Number XXX8698.

10.　Ergoport admits that Raiffeisen Bank International AG, Vienna ("Raiffeisen") is an Austrian bank and that Raiffeisen maintains an omnibus account with broker-dealer BBH, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10.

## ANSWER TO FACTUAL ALLEGATIONS

11.     Ergoport denies the allegations set forth in Paragraph 11, except admits that on September 8 and 9, 2011 it purchased in total 685,840 shares of Global common stock in the Raiffeisen omnibus account, Account Number XXX8698, at BBH.

12.     Ergoport denies the allegations set forth in Paragraph 12, except admits that on September 8, 2011 it purchased 285,840 shares of Global common stock.

13.     Ergoport denies the allegations set forth in Paragraph 13, except admits that on September 9, 2011 it purchased 400,000 shares of Global common stock.

14.     Ergoport denies the allegations set forth in Paragraph 14, except admits that on September 12, 2011, Technip and Global announced a merger agreement whereby Technip would acquire the entire share capital of Global, paying $8.00 in cash per share of Global stock.

15.     Ergoport denies the allegations as set forth in Paragraph 15, except admits that Global's shares opened for trading on September 12, 2011, at $7.77 per share, and that the closing price of Global's shares on September 9, 2011, was $5.15.

16.     Ergoport denies the allegations as set forth in Paragraph 16, except admits that it sold its entire Global position of 685,840 shares in the Raiffeisen Account and realized a profit of approximately $1,726,809.

17.     Ergoport denies the allegations set forth in Paragraph 17 in their entirety.

## ANSWER TO CLAIM FOR RELIEF

### Answer to Violations of Exchange Act Section 10(b) and Rule 10b-5 Promulgated Thereunder

18.     Ergoport incorporates by reference its answers to the above Paragraphs 1 through 17 as if fully set forth herein.

19.     Ergoport denies the allegations set forth in Paragraph 19 in their entirety.

20.     Ergoport denies the allegations set forth in Paragraph 20 in their entirety.

21.     Ergoport denies the allegations set forth in Paragraph 21 in their entirety.

22.     Ergoport denies the allegations set forth in Paragraph 22 in their entirety.

## AFFIRMATIVE DEFENSES

Ergoport asserts the following affirmative defenses to the allegations and claims set forth in the Complaint.  Ergoport does not assume the burden of proof for any issue as to which applicable law places the burden on the Commission.  Nor does Ergoport waive the right to amend this Answer to add, supplement, or modify defenses based on legal theories that may be revealed through clarification of the Complaint, discovery, or further analysis of the Commission's allegations.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Ergoport upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that the Complaint purports to allege fraud, it lacks particularity and fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Ergoport.

### FOURTH AFFIRMATIVE DEFENSE

The claims against Ergoport are barred, in whole or in part, because Ergoport did not engage in any unlawful conduct; and all harm, if any, resulted from the acts or omissions of third parties over whom Ergoport had no control.  The acts of such third parties constitute intervening or superseding causes of any alleged violations of the securities laws.

## PRAYER FOR RELIEF

WHEREFORE, Ergoport respectfully requests relief as follows:

(a)     That the Court enter judgment in favor of Ergoport and against the Commission

on all alleged claims for relief;

(b)     That the Commission recovers nothing;

(c)     That the Court award Ergoport its reasonable costs incurred in defending this

action, including reasonable attorneys' fees; and

(d)     That the Court grant Ergoport such other further relief as the Court deems just and

proper.

## JURY TRIAL DEMAND

Ergoport hereby demands trial by jury on all issues so triable.


Dated:  New York, New York                          MEYERS & HEIM LLP
        July 31, 2012

                                                    Robert G. Heim, Esq.
                                                    444 Madison Avenue, 30th Floor
                                                    New York, New York 10022
                                                    Tel.  (212) 355-7188
                                                    Fax  (212) 355-7190
                                                    rheim@meyersandheim.com

                                                    *Attorney for Defendant Ergoport*
                                                    *Experts Limited*

## CERTIFICATE OF SERVICE

I, Robert G. Heim, an attorney, hereby certify that on July 31, 2012, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties and counsel of record.