UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

-against-

ONE OR MORE UNKNOWN PURCHASERS OF SECURITIES OF GLOBAL INDUSTRIES LTD.,

                        Defendants.

11 Civ. 6500 (RA)

---

**DEFENDANT ERGOPORT EXPERTS LIMITED'S MEMORANDUM OF LAW IN OPPOSTION TO THE GOVERNMENT'S MOTION TO INTERVENE AND STAY DISCOVERY**

MEYERS & HEIM LLP
444 Madison Avenue, 30th Floor
New York, New York 10022
Tel. (212) 355-7188
Fax (212) 355-7190

*Attorneys for Ergoport Experts Limited*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1
FACTUAL BACKGROUND ........................................................................................................... 2
ARGUMENT .................................................................................................................................. 4
    POINT I ..................................................................................................................................... 4
        Intervention by the Government will Unduly Delay the Adjudication of the Civil Case ........... 4
    POINT II .................................................................................................................................... 4
        A Stay of the Civil Case Should be Denied ........................................................................... 4
            A.   The Balance of Factors Weigh Against a Stay of Discovery in the Civil Case ................ 5
                1.   The Overlap of Issues Weigh Against Granting a Stay ................................................. 6
                2.   The Status of the Case Weighs Against Granting a Stay .............................................. 7
                3.   Proceeding Expeditiously Weighs Against Granting a Stay ......................................... 9
                4.   The Undue Burden Imposed on Ergoport Weighs Against a Stay ............................... 11
                5.   The Interest of the Court Weigh Against a Stay .......................................................... 12
                6.   Public Interest Weighs Against a Stay ......................................................................... 13
CONCLUSION ............................................................................................................................ 13

TABLE OF AUTHORITIES

**Cases**

*CFTC v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531 (E.D.N.Y. 2003) ................................... 5, 6, 8, 12
*Citibank, N.A. v. Hakim*, 1993 WL 481335 (S.D.N.Y. November 18, 1993) ......................................... 8, 12
*Horn v. District of Columbia*, 210 F.R.D. 13 (D.D.C. 2002) ....................................................................... 9
*In re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. Dec.5, 2002) ................... 5, 6, 7
*Securities and Exchange Commission v. Cioffi*, 2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008) 4, 6, 9, 10, 11
*Securities and Exchange Commission v. Constantin*, No. 11 Civ. 4642 (S.D.N.Y. Apr. 9, 2012) ....... 4, 6, 7
*Securities and Exchange Commission v. Fraser*, 2009 WL 1531854 (D.Ariz. June 1, 2009) .............. 11, 12
*Securities and Exchange Commission v. Jones*, 2005 WL 2837462 (S.D.N.Y. Oct. 28, 2005) ................ 4, 6
*Securities and Exchange Commission v. Oakford Corp.*, 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998) ........ 10
*Securities and Exchange Commission v. Treadway*, 2005 WL 713826 (S.D.N.Y. Mar. 30, 2005). ............. 4
*Travelers Cas. & Sur. Co. v. Vanderbilt Group, LLC*, 2002 WL 844345 (S.D.N.Y. May 2, 2002). ......... 5, 8
*United States v. All Funds on Deposit*, 767 F.Supp. 36 (E.D.N.Y.1991) ................................................... 11
*United States v. Financial Industry Regulatory Auth.*, 607 F.Supp.2d. 391 (E.D.N.Y. 2009) ............... 4, 10
*United States v. Gieger Transfer Service Inc.*, 174 F.R.D. 382 (S.D. Miss. 1997) ...................................... 9
*United States v. Leasehold Interests*, 754 F.Supp. 282 (E.D.N.Y.1990) .................................................... 11
*United States v. Private Sanitation Industry Assoc.*, 811 F.Supp. 802 (E.D.N.Y. 1992) ............................. 8

## PRELIMINARY STATEMENT

Defendant, Ergoport Experts Limited ("Ergoport"), respectfully submits this Memorandum of Law in opposition to the government's motion to intervene and stay discovery in this case (the "Civil Case"). The government unpersuasively argues that an unlimited stay of the Civil Case is warranted simply because an ongoing criminal investigation is being conducted in the Eastern District of New York (the "Criminal Investigation") in which certain transactions being investigated are related to the transactions at issue in the Civil Case.

Parallel civil and criminal cases are common and unless there is *substantial prejudice* to the rights of the parties involved permitting both proceedings to continue is unobjectionable. Substantial prejudice meriting the stay of a civil action is determined in light of the particular circumstances and competing interests involved in the case. Here, the particular circumstances and the competing interests – including the fact that millions of dollars of Ergoport's assets are currently frozen - on balance weigh against a stay of discovery. Moreover, Ergoport has neither been accused of any criminal wrongdoing nor has it been indicted. Granting a stay of discovery would in fact *cause* substantial prejudice rather than prevent it.

As we demonstrate below, contrary to the government's argument that it deserves greater protection by this Court than the parties to the Civil Case, a stay of discovery in the Civil Case would create substantial prejudice to Defendant Ergoport, which notably has not been accused criminally of any wrongdoing and is not a defendant in any criminal proceeding. The prejudice to Ergoport if the stay of discovery is granted would far outweigh any nominal prejudice to the government if the request for a stay was denied. A stay of discovery in the Civil Case would unduly delay Ergoport's exercise of its right to defend itself against the serious, albeit baseless, civil charges leveled against it by the Securities and Exchange Commission ("SEC"). Ergoport

1

is currently subject to the punitive restriction of a preliminary injunction freezing its assets, among other limitations, while the Civil Case is pending. Granting a stay would unfairly extend the preliminary injunction while merely granting the government a tactical advantage.

The government's primary argument is that a stay is necessary because civil discovery rules are broader than the criminal discovery rules, thus potentially leading to a compromise of its Criminal Investigation because information that may not otherwise have been available to prospective defendants may be disclosed during the ordinary course of civil discovery. This argument fails. The limitations of the criminal discovery rules are not intended to enshrine a tactical advantage in favor of the government. The government's argument is particularly unavailing in this instance where the government, via its own agency, initiated the Civil Action which it now seeks to stay. Presumably, the government had the ability to determine, well before filing its Complaint alleging serious charges against Ergoport, whether criminal action should be taken. The government cannot now claim that its own decision to initiate a civil action against Ergoport is prejudicial to its own criminal proceeding. Accordingly, the government's motion for a stay of discovery should be denied.

## FACTUAL BACKGROUND

The basic underlying facts of the Civil Case are that on September 8 and 9, 2011, Ergoport through Raiffeisen Bank International AG Vienna, at Brown Brothers Harriman & Co., purchased 285,840 and 400,000 shares of common stock of Global Industries, Ltd. ("Global"), respectively. (Complaint ¶ 11). The price of the 285,840 shares of Global common stock purchased on September 8, 2011 ranged from $5.16 to $5.39; and the price of the 400,000 shares of Global common stock purchased by Ergoport on September 9, 2011 ranged from $5.14 to $5.30. (Complaint ¶¶ 12, 13). On September 12, 2011, prior to the open of the United States

trading markets, Technip SA and Global announced a merger agreement whereby Technip SA would acquire the entire share capital of Global, paying $8.00 in cash per share of Global stock. (Complaint ¶ 14). Global shares opened for trading on September 12, 2011 at $7.77 per share and Ergoport sold its entire position in Global of 685,840 shares at prices ranging from $7.77 to $7.80 realizing a profit of $1,726,809. (Complaint ¶¶ 15, 16).

Shortly thereafter, on September 16, 2011, the Securities and Exchange Commission (the "Commission" or "SEC") filed a civil complaint alleging insider trading based on sheer speculation of what the Commission perceived to be "suspicious" purchases and simultaneously submitted an Emergency Application for an Ex Parte Temporary Restraining Order Freezing All Assets and Granting Other Relief and Order to Show Cause Why A Preliminary Injunction Should Not Issue (the "TRO"). The TRO was granted and an asset freeze was imposed. On September 22, 2011, the Order to Show was granted and a preliminary injunction was issued by this Court extending the asset freeze and the other ancillary relief imposed by the TRO until the conclusion of the civil enforcement action. On May 10, 2012 the Court modified the preliminary injunction and limited the asset freeze to the $5,338,763.63 that is being held at Citibank. Consequently, among other restrictions, Ergoport's assets have been frozen since the issuance of the preliminary injunction. Obviously, given the tremendous burden that has been imposed upon Ergoport in having to defend itself against the Commission's charges, it is anxious to exercise its right to have the Civil Case come to an expeditious resolution.

To date, both the SEC and Ergoport have actively sought to move the Civil Case forward; and have extensively negotiated the boundaries of discovery in order to proceed expeditiously. In fact, Ergoport has already produced documents relating to its accounts to the SEC. To thwart those efforts to resolve the Civil Case by staying the matter at this point, particularly given the

3

asset freeze that is in place, would be monumentally prejudicial to Ergoport, while protecting the government's tactical advantage in its criminal investigation.

## ARGUMENT

### POINT I

<u>Intervention by the Government will Unduly Delay the Adjudication of the Civil Case</u>

Ergoport does not refute the fact that in cases such as this, courts generally permit the government to intervene. Fed. R. Civ. P. 24(b)(2). *Securities and Exchange Commission v. Jones*, 2005 WL 2837462 at *2 (S.D.N.Y. Oct. 28, 2005); *Securities and Exchange Commission v. Treadway,* 2005 WL 713826 at *1 (S.D.N.Y. Mar. 30, 2005). Such intervention is qualified however by the directive that the Court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the right of the original parties." Fed. R. Civ. P. 24(b)(3). Although district courts generally allow intervention by the government in cases similar to this one, the courts routinely deny motions to stay discovery. *Securities and Exchange Commission v. Cioffi*, 2008 WL 4693320 at *1 (E.D.N.Y. Oct. 23, 2008) (government permitted to intervene but its motion to stay was denied). *Securities and Exchange Commission v. Jones*, 2005 WL 2837462 at *2 (S.D.N.Y. Oct. 28, 2005); *United States v. Financial Industry Regulatory Auth.*, 607 F.Supp.2d. 391, 393 (E.D.N.Y. 2009). As we demonstrate below, on balance the factors weigh against granting the government's motion to stay discovery.

### POINT II

<u>A Stay of the Civil Case Should be Denied</u>

A stay is an extraordinary remedy that should only be granted when the interest of justice require such action. *Securities and Exchange Commission v. Constantin*, No. 11 Civ. 4642 *2 (S.D.N.Y. Apr. 9, 2012). The interest of justice here requires that the stay be denied. The Court

should deny the government's motion to stay the Civil Case until the criminal case in the Eastern District of New York and any related prosecutions have been resolved because such a stay would: (i) be unduly prejudicial to Ergoport; (ii) only serve to give the government a tactical advantage; and (iii) cause unnecessary delay in the expeditious resolution of the Civil Case already well underway, resulting in the inefficient use of judicial and litigative resources. The government's assertion that a stay is necessary to serve the public interest is undermined by the fact that the SEC initiated the Civil Case on behalf of the public interest and should the Civil Case be resolved in favor of the SEC any and all remedies inure to the benefit of the public. Furthermore, the government's claim that the unlimited stay will promote the most efficient use of judicial and litigative resources and does not result "in any prejudice to the rights of the parties to the action" is inaccurate on its face. (Government's Memorandum of Law in Support of Application to Intervene and to Stay Discovery (the "Government's Memo. of Law"), at p. 11)

### A. The Balance of Factors Weigh Against a Stay of Discovery in the Civil Case

The government liberally cites *In re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. Dec.5, 2002), to support its position without acknowledging that the *In re Worldcom* court pointedly stated that "[t]he Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings..." *Id.* at *3; *see also CFTC v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 534-35 (E.D.N.Y. 2003) (there is no constitutional right to a stay pending the outcome of a related criminal case); *Travelers Cas. & Sur. Co. v. Vanderbilt Group, LLC*, 2002 WL 844345 at *3 (S.D.N.Y. May 2, 2002). Rather a court must balance the interests of the parties to determine whether to grant a stay. In making such a determination, under circumstances such as the ones here, the court is obliged to consider a variety of factors, which include:

1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
2) the status of the case, including whether the defendants have been indicted;
3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;[1]
4) the private interests of and burden on the defendants;
5) the interests of the courts; and
6) the public interest.

*In re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501 at *4; *see also CFTC v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d at 535; *Securities and Exchange Commission v. Constantin*, No. 11 Civ. 4642 *2 (S.D.N.Y. Apr. 9, 2012); *Securities and Exchange Commission v. Jones*, 2005 WL 2837462 at *2 (S.D.N.Y. Oct. 28, 2005) (stay denied after the court considered the following factors: i) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest). Moreover, the balance of these factors is determined on a case by case basis, with the basic goal being to avoid prejudice. *Securities and Exchange Commission v. Cioffi*, 2008 WL 4693320 at *1. (E.D.N.Y. Oct. 23, 2008).

By all measure of the factors enumerated by the government the motion to stay discovery in the Civil Case should be denied.

1. <u>The Overlap of Issues Weigh Against Granting a Stay</u>

While there may be an overlap of certain facts between the Civil Case and the Criminal Investigation, the actual point in considering the overlap of issues is to determine whether there

---

[1] Since the SEC has not taken a position, the principal interests at stake here are the government's interest in preventing discovery in the Civil Case from compromising the Criminal Investigation versus the Ergoport's interest in expeditiously resolving the Civil Case in order to have the preliminary injunction freezing its assets lifted and proceed in conducting its business without the cloud of the SEC hovering over it.

may be a risk of self-incrimination by a defendant. *In re WorldCom*, 2002 WL 31729501 at *4 ("The first question to be resolved is the extent to which the issues in the criminal case overlap with those present in the civil case, since self-incrimination is more likely if there is a significant overlap."); *Securities and Exchange Commission v. Constantin*, No. 11 Civ. 4642 at *2 (S.D.N.Y. Apr. 9, 2012) (there is more danger of self-incrimination when the issues in both cases overlap). In parallel proceedings, such as this, it is often a defendant that seeks to stay discovery in order to avoid having to make the difficult choice of whether to invoke its Fifth Amendment right in a civil deposition, and consequently compromising its position in the civil case. *Id.* at *2; *In re Worldcom*, 2002 WL 31729501 at *7. Here, we have precisely the opposite scenario. Ergoport, the defendant in the Civil Case, strongly opposes a stay of discovery, and because there is no criminal charge pending there is no risk of self-incrimination. On this basis alone, the factor of overlapping issues weighs against a stay.

The government ignores the basis upon which the overlap of issues is considered and instead focuses on the unpersuasive argument that the overlap of issues in these parallel proceedings supports a stay of discovery because it would result in "a substantial saving of judicial and litigative resources." (Government's Memo of Law, at 13-14.) This argument is ineffectual insofar as the converse and equal argument can made that allowing the Civil Case to proceed, especially given that discovery has already begun, could help clarify and streamline the issues in the Criminal Investigation. Accordingly, there is no basis to grant a stay on the basis of the overlap of issues.

2. The Status of the Case Weighs Against Granting a Stay

The government admits that courts in this district generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage. (Government's

Memo of Law, at p. 15, fn. 2.) The case law demonstrates that district courts generally grant the extraordinary remedy of a stay only after there has been an indictment. *Citibank, N.A. v. Hakim*, 1993 WL 481335, at *2, (S.D.N.Y. November 18, 1993); *CFTC v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 534 (E.D.N.Y. 2003) (pre-indictment requests for a stay of civil proceedings are generally denied) (citing *United States v. Private Sanitation Industry Assoc.*, 811 F.Supp. 802, 805 (E.D.N.Y. 1992)); *Travelers Cas. & Sur. Co. v. Vanderbilt Group, LLC*, 2002 WL 844345 at *2 ("courts in this district have generally refused to stay a civil proceeding where the defendant has not been indicted but is under criminal investigation.") (internal citations omitted). The government, in the alternative, seeks to overcome the fact that it is still in the investigatory pre-indictment stage by proffering a generic argument about "vindicating significant public interests, while streamlining the issues for resolution in the Civil Case and any related litigation." (Government's Memo of Law, at p. 14-15.)

We can easily dispatch of both of those arguments. The "public interest" argument is undermined, as previously noted, by the fact that the Civil Case was initiated by the SEC on behalf of the public interest, thus it cannot be that the public's interest will be assailed if discovery is allowed to continue in the Civil Case that was commenced on behalf of the public's interest to start. The argument that staying discovery in the Civil Case will benefit the parties because the Criminal Investigation will "streamline the issues" is unconvincing, as previously noted above, insofar as the converse argument can be made that allowing discovery to proceed in the Civil Case will streamline issues common to both cases and benefit the Criminal Investigation. Accordingly, the status of the case weighs in favor of denying the motion to stay discovery.

### 3. Proceeding Expeditiously Weighs Against Granting a Stay

Not surprisingly, the SEC, a governmental agency, does not oppose the government's motion to stay discovery. (Government's Memo Of Law, at p.19, fn 3.) Notwithstanding that fact however, the SEC is essentially in the same position as Ergoport insofar as standing alone both parties benefit from the expeditious resolution of the Civil Case. Indeed, it is inconceivable that the SEC can posit a plausible argument for impeding progress of its own litigation.

The government's primary argument is that a stay should be granted because otherwise "substantial harm to the government's vital interest in enforcing the criminal law could flow from allowing discovery in the Civil Case to proceed, due to the danger that the broad civil discovery rules will circumvent the important limitations on discovery in criminal prosecutions." (Government's Memo of Law, at p. 16.) The irony of this argument is that this issue is entirely of the government's own making insofar as the government, via the SEC in the civil proceeding, initiated both actions. Courts have been justifiably skeptical of blanket claims of prejudice by the government where the government is responsible for the simultaneous proceedings in the first place. *Cioffi*, 2008 WL 4693320 at *1. Moreover, courts have held that the "mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." *Horn v. District of Columbia,* 210 F.R.D. 13, 15 (D.D.C. 2002) (citing *United States v. Gieger Transfer Service Inc.,* 174 F.R.D. 382, 385 (S.D. Miss. 1997)). The government should not receive the equitable remedy of a stay to prevent its self-inflicted problem. *Cioffi*, 2008 WL 4693320 at *1.

Courts have rejected the premise that the discovery limitations in the Federal Rules of Criminal Procedure are intended to enshrine a tactical advantage in favor of the government.

*United States v. Financial Industry Regulatory Auth.*, 607 F.Supp.2d. 391, 393 (E.D.N.Y. 2009). In other words, "the limits on criminal discovery do not exist for their own sake." *Id.* citing *Cioffi*, 2008 WL 4693320 at *2. Rather, criminal discovery limits are intended to "guard against specific harms" such as: manufactured evidence; revelation of the identity of prospective witnesses which may create the opportunity for intimidation; and unfair surprise to the prosecution at trial. *Cioffi*, 2008 WL 4693320 at *2 citing *SEC v. Oakford Corp.*, 181 F.R.D. 269, 272-73 (S.D.N.Y. 1998) ("[T]o the extent that the defendants' discovery requests simply result in the happenstance that in defending themselves against the serious civil charges that another government agency has chosen to file against them they obtain certain ordinary discovery that will also be helpful in the defense of their criminal case, there is no cognizable harm to the government in providing such discovery beyond its desire to maintain a tactical advantage.").

The government's claims that: (1) requiring potential government witnesses to comply with deposition notices, interrogatories or other requests for information in connection with the Civil Case could seriously impede the government's ongoing investigation; (2) disclosure of the substance of potential testimony at this early date -- in advance of indictment -- could facilitate efforts by the criminal targets to manufacture evidence and tailor their evidence to the government's proof; (3) allowing discovery to proceed in the Civil Case could result in the premature disclosure of the identities of the government's witnesses; (4) it would be unfair to the government to permit a party to the civil litigation to use the civil proceedings to attempt to manufacture impeachment material by allowing civil depositions to be conducted where government witnesses may be forced to assert their Fifth Amendment rights; and finally (5) the taking of depositions of government witnesses would undoubtedly shed light on information not

discoverable in the criminal prosecution are boilerplate concerns that are wholly uncorroborated and speculative at best. (Government's Memo of Law at p. 18-19). The government fails to make any particularized showing, but merely runs down a laundry list of unsubstantiated concerns.

Contrary to the government's blanket and bald allegations of prejudice, permitting discovery in the Civil Case will not prejudice the criminal proceedings. Mere conclusory allegations of *potential* abuse or simply the *opportunity* by a party to improperly exploit civil discovery will not avail on a motion for a stay. *See United States v. All Funds on Deposit,* 767 F.Supp. 36, 42 (E.D.N.Y.1991) (quoting *United States v. Leasehold Interests,* 754 F.Supp. 282, 287 (E.D.N.Y.1990)); *Securities and Exchange Commission v. Fraser,* 2009 WL 1531854 at *2 (D.Ariz. June 1, 2009) (the government's conclusory allegation that the criminal case might be harmed simply because civil discovery rules are broader than criminal discovery was insufficient to establish the substantial prejudice required to merit a stay of discovery).

### 4. The Undue Burden Imposed on Ergoport Weighs Against a Stay

The principal competing interests at stake are the government's purported interest in preventing Ergoport from obtaining discovery and Ergoport's interest in expeditiously resolving the civil litigation so that it may: (i) have the burden of the preliminary injunction freezing its assets lifted, (ii) restore its reputation in the business community, and (iii) proceed to conduct its business in the ordinary course without the cloud of the SEC hovering over it. Numerous courts have balanced similar interests and declined to stay parallel civil proceedings. *See, e.g., Cioffi,* 2008 WL 4693320 at *2 (motion for blanket stay denied where pendency of the litigation clouded a party's future career and personal life and the court determined the party deserved a timely opportunity to clear his name and reputation since his credibility had been called into

question); *Citibank, N.A. v. Hakim*, 1993 WL 481335, at *3 (finding Citibank may face substantial prejudice from a stay because it will be denied its right to speedy discovery and resolution of this dispute); see also *Securities and Exchange Commission v. Fraser*, 2009 WL 1531854 at *3 (if the court stays the civil case and defendants later prevail, the defendants will not only have needlessly suffered additional years of living under suspicion the civil allegations they will also have lost valuable working years).

The seriousness of the claims against Ergoport in the civil litigation and the real cost of having its assets frozen far outweighs the government's mere loss of its tactical advantage in criminal discovery. Ergoport does not seek to impede the criminal case, it only desires the opportunity to fully and vigorously defend itself against the serious allegations that it faces and expeditiously resolve all claims against it. Going forward with the Civil Case presents minimal prejudice to the government, whereas a stay creates substantial prejudice to Ergoport.

Lastly, incredibly, the government suggests that a stay may actually benefit the Defendant. That could not be further from the truth for all the above described reasons. Moreover, it is up to Ergoport, not the government, to determine what litigation strategy will most benefit it.

### 5. The Interest of the Court Weigh Against a Stay

The government tepidly attempts to argue that a stay will promote judicial efficiency, but the "convenience of the courts is best served when motions to stay proceedings are discouraged" because otherwise such motions "would threaten to become a constant source of delay and an interference with judicial administration." *CFTC v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 535-356 (E.D.N.Y. 2003). In any event, concerns of judicial economy should not trump the Ergoport's right to promptly resolve the Civil Case and have the preliminary injunction freezing

its assets among other restrictions lifted.

### 6. Public Interest Weighs Against a Stay

Public interest favors a denial of the government's stay of discovery. As above stated, a stay is an extraordinary remedy that is merited only in the interest of justice. The government has not met this standard. The very same interest that the government purports to protect by seeking to stay discovery in the Civil Case is the same public interest that presumably motivated the SEC to commence the Civil Case in the first place, thus the public interest would weigh against the stay of discovery.

### CONCLUSION

Ergoport is the subject of a preliminary injunction freezing its assets and is unable to conduct its business in the ordinary course without the cloud of the serious charges leveled against in the Civil Case hovering over it. In contrast, the only prejudice to the government is the mere loss of its tactical advantage because prospective criminal defendants may have more information than they would be otherwise entitled under the narrower criminal discovery rules. On balance, the factors weigh heavily against a stay of discovery, accordingly the government's request for a stay of discovery should be denied.

Dated: New York, New York
September 12, 2012

MEYERS & HEIM LLP

Robert G. Heim, Esq.
444 Madison Avenue, 30th Floor
New York, New York 10022
Tel. (212) 355-7188
Fax (212) 355-7190
rheim@meyersandheim.com

*Attorney for Ergoport
Experts Limited*

13