UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SECURITIES AND EXCHANGE              :
COMMISSION,                          :
                                     :
                         Plaintiff,  :
                                     :
            -v-                      :
                                     :
ONE OR MORE UNKNOWN                  :
PURCHASERS OF SECURITIES OF          :
GLOBAL INDUSTRIES, LTD.,             :
                                     :
                        Defendants.  :
                                     :
------------------------------------------------------X

```
┌────────────────────────────────────┐
│ USDC-SDNY                          │
│ DOCUMENT                           │
│ ELECTRONICALLY FILED               │
│ DOC #:                             │
│ DATE FILED: 5/23/14                │
└────────────────────────────────────┘
```

No. 11 Civ. 6500 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

Before the Court is the motion of the Kyrgyz Republic to intervene in this action. The

Securities and Exchange Commission ("SEC") opposes the motion. For the reasons below, the

motion is denied.

## BACKGROUND

The SEC filed a complaint on September 16, 2011 alleging that one or more unknown

Defendants had traded on inside information in violation of the federal securities laws by making

"highly profitable and suspicious" purchases of common stock through an omnibus account, the

records of which did not identify the beneficial owners. (Compl. ¶¶ 1, 2, 6, 19-22.) On the same

day the complaint was filed, Judge Castel, to whom this case was previously assigned, entered a

temporary restraining order freezing assets tied to the alleged insider trading and ordered the

unknown Defendants to show cause why a preliminary injunction should not issue. (Dkt. No. 4.)

Defendants failed to appear, and on September 22, 2011, Judge Castel granted a preliminary

injunction extending the asset freeze. (Dkt. No. 7.) That order also required, among other

things, that Defendants disclose contact information and any accounts held in their names.  (Id.)

On April 13, 2012, Defendant Ergoport Experts Limited ("Ergoport") appeared in this case, providing addresses in New Zealand and Russia and a bank account number at a Latvian bank.  (Dkt. Nos. 11, 12.)  On May 10, 2012, Judge Castel endorsed a stipulation between the SEC and Ergoport that limited the asset freeze to funds held in a Citibank account in the amount of $5,338,763.63.  (Dkt. No. 13.)  The matter was reassigned to the undersigned on July 9, 2012.  (Dkt. No. 14.)  Ergoport answered the Complaint on July 31, 2012, admitting to making the relevant trades but denying wrongdoing.  (Dkt. No. 17.)

On August 16, 2012, the United States Attorney for the Eastern District of New York ("U.S. Attorney") filed a motion to intervene for the purpose of seeking a stay of discovery.  (Dkt. No. 21.)  The U.S. Attorney argued that the stay was necessary in order to prevent prejudice to a criminal investigation into an insider trading scheme that involved accounts held in Ergoport's name.  (Dkt. No. 22 at 1-3.)  On November 9, 2012, the Court granted the U.S. Attorney's motion to intervene and stayed discovery for six months, with the possibility of an extension upon a showing of good cause.  See S.E.C. v. One or More Unknown Purchasers of Sec. of Global Indus., Ltd., 11 Civ. 6500 (RA), 2012 WL 5505738, at *1 (S.D.N.Y. Nov. 9, 2012) (Dkt. No. 31).  The U.S. Attorney made no application for an extension.

In an order dated May 21, 2013, the Court noted that the discovery stay had expired on May 9, 2013 and directed the parties to update the Court on the status of the case.  (Dkt. No. 32.)  On May 31, 2013, the SEC and Ergoport submitted a joint letter informing the Court that the SEC "intend[ed] to seek permission from the Commission to voluntarily dismiss this action."  (Dkt. No. 33.)  On July 18, 2013, counsel for the Kyrgyz Republic emailed to the Court a letter of the same date addressed to the SEC that stated that the Kyrgyz Republic "underst[oo]d that the

SEC intend[ed] to dismiss the civil case" and requested a meeting with representatives of the SEC to discuss the Kyrgyz Republic's interest in the funds frozen by the preliminary injunction. On October 15, 2013, the SEC and Ergoport submitted a stipulation of dismissal signed by both parties, which provided that they "hereby stipulate and agree that, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), this action is dismissed." (Dkt. No. 37.)  The case was subsequently designated as closed on the Court's docket.

On November 5, 2013, the Kyrgyz Republic filed the instant motion to intervene.  (Dkt. No. 40.)  It claims that "the unknown persons who directed and conducted the [insider trading] include a former Kyrgyz government official and a close associate charged and convicted in absentia in the Kyrgyz Republic with large scale corruption and the theft of public funds, and that the funds utilized in the trades, including the restrained funds [subject to the preliminary injunction] constituted, include, or are proceeds of the stolen Kyrgyz public funds." (Memorandum of Points and Authorities in Support of Motion to Intervene submitted by the Kyrgyz Republic ("KR Mem.") 1.)[1]  As a result, the Kyrgyz Republic seeks leave to intervene "to pursue its claim for the imposition of a constructive trust over these funds and assets, including the restrained funds, and the return of such funds and assets to the Kyrgyz Republic." (Id.)

## STANDARD OF REVIEW

"In order to intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1)

---

[1] On the basis of information provided by the U.S. Attorney concerning her criminal investigation of the insider trading scheme, the Kyrgyz Republic alleges that the "unknown purchasers" whose funds were restrained in this action include Maksim Bakiyev, the youngest son of the former president of the Kyrgyz Republic, and his confidant Eugene Gourevitch. (McCarthy Decl. Ex. A ¶¶ 11, 15, 26-31, 46.)  On May 9, 2013—the day the stay of discovery expired—the U.S. Attorney confirmed "that the criminal securities fraud case against Maksim Bakiyev had been dismissed."  (KR Mem. 9.)

timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may

be impaired by the disposition of the action, and (4) show that the interest is not protected

adequately by the parties to the action." N.Y. News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir.

1992). "'Failure to satisfy any one of these requirements is sufficient grounds to deny the

application.'" Id. (quoting United States v. State of N.Y., 820 F.2d 554, 556 (2d Cir.1987)). At

the same time, "[t]he various components of the Rule are not bright lines, but ranges," and

"[a]pplication of the Rule requires that its components be read not discretely, but together" in

order to give "thoughtful consideration of the objectives it is intended to serve." United States v.

Hooker Chem. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984) (internal quotation marks

omitted).

Permissive intervention may be granted "[o]n timely motion" when the applicant "has a

claim or defense that shares with the main action a common question of law or fact." Fed. R.

Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id.

24(b)(3).

## DISCUSSION

The SEC does not dispute that the Kyrgyz Republic has an interest in the action that is

not adequately represented by any existing party and that would be impaired by the disposition

of the action. (Reply 1.) Rather, it argues that (1) the motion is untimely and moot because it

was filed after the suit was voluntarily dismissed by the parties and (2) the Securities Exchange

Act of 1934 precludes interference in SEC enforcement proceedings by private parties without

the SEC's consent. (Opp'n 1, 4-5.) Because the Court finds the SEC's first argument

persuasive, it need not reach the second.

4

As a threshold matter, the parties dispute whether the action has been dismissed. Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may voluntarily dismiss an action "without a court order" only by filing either "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "(ii) a stipulation of dismissal signed by all parties who have appeared." As Ergoport filed an answer to the complaint, (Dkt. No. 17), the SEC was required to file a stipulation "signed by all parties who have appeared" pursuant to Rule 41(a)(1)(A)(ii) in order to dismiss the case. The Kyrgyz Republic contends that the October 15, 2013 stipulation of dismissal was void because, although it was signed by the SEC and Ergoport, it was not signed by the U.S. Attorney.

In response, the SEC first contends that the Kyrgyz Republic lacks standing to make this argument on behalf of the U.S. Attorney. This argument fails, however, as the Kyrgyz Republic is not asserting a right held by the U.S. Attorney but is instead arguing that a deficiency in the stipulation of dismissal has rendered it ineffective and that the case thus remains open.

More persuasively, the SEC next argues that the U.S. Attorney's signature was not required on the stipulation of dismissal because she intervened "merely to stay civil discovery in order to protect the integrity of [her] own separate criminal investigation," rather than "to consolidate [her] own claim with the pending SEC litigation." (Opp'n 3.) Thus, once the U.S. Attorney allowed the stay to expire, she had no continuing interest in the case.

It is true that Rule 41(a)(1)(A)(ii)'s requirement that the stipulation be signed by "all parties" means that, "'[o]nce intervention has been allowed, the original parties may not stipulate away the rights of the intervener.'" Wheeler v. Am. Home Prod. Corp. (Boyle-Midway Div.), 582 F.2d 891, 896 (5th Cir. 1977) (quoting 3B James Wm. Moore et al., Moore's Federal Practice 24-671, 672 (2d ed.)); see also Raylite Elec. Corp. v. Noma Elec. Corp., 170 F.2d 914,

915 (2d Cir. 1948) ("The right to intervene . . . presupposes that the intervener has a right to protect which is not subject to the disposition of the parties already in the case."), overruled on other grounds by Chappell & Co. v. Frankel, 367 F.2d 197, 200 (2d Cir. 1966).

It does not follow, however, that the original parties were powerless to dismiss this action without the U.S. Attorney's consent. Normally, "an intervenor in an action or proceeding is, for all intents and purposes, an original party," In re Raabe, Glissman & Co., 71 F. Supp. 678, 680 (S.D.N.Y. 1947), and applications for "special status" intervention are disfavored, N.Y. News Inc. v. Newspaper & Mail Deliverers' Union of N.Y., 139 F.R.D. 291, 293 (S.D.N.Y. 1991), aff'd sub nom. Kheel, 972 F.2d 482. Nonetheless, "[i]t is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." S.E.C. v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (citing S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988)); see also S.E.C. v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002).

Here, the U.S. Attorney intervened for the limited purpose of seeking a stay of discovery, which was granted for a limited period of time. She did not file a complaint or answer and brought no claims against either original party. She allowed the stay to expire and did not request that it be extended. Thus, dismissing the action in its entirety deprived her of no relief that she sought or to which she was entitled, and the traditional rationale for seeking intervenor consent was not present.[2]

---

[2] It is unclear whether a stipulation entered into solely by the SEC and Ergoport could have dismissed all claims between those two parties in a situation in which the U.S. Attorney had intervened as a party for all purposes. The Second Circuit does not appear to have addressed this issue. In Wheeler, the Fifth Circuit held that a stipulation of dismissal not signed by the intervenor-plaintiffs "did not authorize dismissal as against [them]" and that "[they] were entitled

Indeed, it would be misguided to classify all intervenors as "parties who have appeared" within the meaning of Rule 41(a)(1)(A)(ii), no matter what the reason for their intervention. It is not uncommon, for example, for non-parties to intervene in actions for a limited purpose, such as seeking to modify a protective order. See, e.g., In re NASDAQ Mkt.-Makers Antitrust Litig., 164 F.R.D. 346, 348 (S.D.N.Y. 1996). Once the Court has determined whether these intervenors

---

to a trial on the issues." 582 F.2d at 896. Notably, though, it did not hold that the stipulation was ineffective as to the other plaintiffs' claims. By contrast, in Forest Serv. Emp. For Envtl. Ethics v. U.S. Forest Serv., a court in the Western District of Pennsylvania held that the intervention of new intervenor-defendants thwarted the operation of a subsequent stipulation of dismissal between the plaintiffs and the existing defendant. Civil Action No. 08-323 Erie, 2009 WL 1324154, at *2 (W.D. Pa. May 12, 2009).

There even appears to be disagreement regarding the related and more frequently encountered question of whether, in a multi-defendant case, a plaintiff and a particular defendant may dismiss the plaintiff's claims against that defendant by stipulation pursuant to Rule 41(a)(1)(A)(ii) without the consent of the other defendants. Compare McNamara v. Edwards, 8 F.3d 28 (9th Cir. 1993) (unpublished) (holding only that a stipulation of dismissal did not operate to dismiss the complaint against the defendant who had not signed); Oswalt v. Scripto, Inc., 616 F.2d 191, 194-95 (5th Cir. 1980) (holding that a "representation to the district court of a settlement" between the plaintiff and one of the defendants that was signed by only those two parties was "tantamount to a stipulation of dismissal" under Rule 41(a)(1)(A)(ii) as to that defendant); Unicure, Inc. v. Thurman, 97 F.R.D. 1, 2 & n.1 (W.D.N.Y. 1982) (observing that a stipulation of dismissal between the plaintiff and two defendants was limited to those signatory parties and had required the remaining defendants to begin a third-party action against the dismissed defendants) with, e.g., Anderson-Tully Co. v. Fed. Ins. Co., 347 F. App'x 171, 176 (6th Cir. 2009) (construing "the phrase 'all parties who have appeared' (and the word 'parties' in particular) as including both current and former parties"); Best Indus. (Pvt), Ltd. v. Pegasus Mar., Inc., No. 13 Civ. 446 (SAS), 2013 WL 2468030, at *2 (S.D.N.Y. June 7, 2013) (observing that a plaintiff could not dismiss particular defendants pursuant to Rule 41(a)(1)(A)(ii) without the signatures of all parties to the action); Schwartz v. Choicepoint, Inc., No. 09-cv-5154 (JFB) (ETB), 2011 WL 65660, at *2 (E.D.N.Y. Jan. 4, 2011) (noting that a stipulation of dismissal signed by the plaintiff and one of three defendants was insufficient to dismiss the claims against that defendant); Pettway v. Equifax Info. Servs., LLC, Civil Action No. 08-0618-KD-M, 2009 WL 4456384, at *1 (S.D. Ala. Nov. 25, 2009) ("Because all parties to the action did not sign the joint stipulation, dismissal of [one of the defendants] was not effective when the stipulation was filed."); Meharg v. I-Flow Corp., No. 1:08-cv-0184-DFH-TAB, 2009 WL 3032327, at *1 (S.D. Ind. Sept. 18, 2009) (same); Alholm v. Am. S.S. Co., 167 F.R.D. 75, 79-80 (D. Minn. 1996) (same); Crabtree v. Colorado, No. 88-C-1012, 1989 WL 91119, at *3-4 (D. Colo. Aug. 9, 1989) (same); Degregorio v. O'Bannon, 86 F.R.D. 109, 118-19 (E.D. Pa. 1980) (same).

are entitled to the relief they seek, there is no longer a compelling reason to require the original

parties to obtain their consent prior to dismissing the case.

"Generally, . . . a plaintiff's filing in the district court of a stipulation of dismissal signed

by all parties pursuant to Rule 41(a)(1)(ii) divests the court of its jurisdiction over a case,

irrespective of whether the district court approves the stipulation." Gambale v. Deutsche Bank

AG, 377 F.3d 133, 139 (2d Cir. 2004).  That is the case here.  This action was dismissed once the

joint stipulation between the SEC and Ergoport was filed.

"'[S]ince intervention contemplates an existing suit in a court of competent jurisdiction

and because intervention is ancillary to the main cause of action, intervention will not be

permitted to breathe life into a "nonexistent" law suit.'" Disability Advocates, Inc. v. N.Y. Coal.

for Quality Assisted Living, Inc., 675 F.3d 149, 160 (2d Cir. 2012) (quoting Fuller v. Volk, 351

F.2d 323, 328 (3d Cir. 1965); see also Kunz v. N.Y. State Comm'n on Judicial Misconduct, 155

F. App'x 21, 22 (2d Cir. 2005) ("[W]here the action in which a litigant seeks to intervene has

been discontinued, the motion to intervene is rendered moot."); Reagan v. Fox Navigation, LLC.,

No. Civ.A. 302CV627CFD, 2005 WL 2001177, at *1-2 (D. Conn. Aug. 17, 2005) (Droney, J.)

("[C]ourts have ruled that once the parties have filed a Rule 41(a)(1)(ii) stipulation of dismissal,

there is no longer a pending case or controversy into which a non-party may intervene.").  There

is no pending litigation into which the Kyrgyz Republic can presently intervene.  As a result,

whatever its merits, the motion must be denied.[3]

---

[3] Although neither party raises the issue, the Court notes that, pursuant to its ancillary jurisdiction, "a federal court may consider collateral issues [such as the imposition of costs, fees, and sanctions] after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378-80 (1994); Gambale, 377 F.3d at 139-40. Thus, for example, "dismissal of the underlying action is not dispositive for motions to intervene for the limited purpose of challenging a protective order," as the court "continues to have the power to modify [the] protective order." Application

## CONCLUSION

The Kyrgyz Republic's failure to move to intervene prior to the entry of the stipulation of dismissal—in spite of being on notice for months that the SEC intended to dismiss the action—is fatal to its claim.  Accordingly, its motion to intervene is denied.

The Clerk of Court is respectfully instructed to terminate the motion pending at Dkt. No. 40.

SO ORDERED.

Dated:          May 23, 2014
                New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge

---

of Akron Beacon Journal, No. 94 Civ. 1402 (CSH), 1995 WL 234710, at *5 (S.D.N.Y. Apr. 20, 1995).  Here, however, the Kyrgyz Republic seeks to impose a constructive trust over funds that are no longer restrained by court order.  Once the case was dismissed, the preliminary injunction was no longer in effect.  See U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1093-94 (9th Cir. 2010); Venezia v. Robinson, 16 F.3d 209, 211 (7th Cir. 1994); Madison Square Garden Boxing, Inc. v. Shavers, 562 F.2d 141, 144 (2d Cir. 1977).